IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMES LEE TOOLEY,

        Plaintiff,

v.                           CIVIL ACTION NO. 5:06-cv-00900

SOUTHERN REGIONAL JAIL, et al.,

        Defendants.

**MEMORANDUM OPINION & ORDER**

James Lee Tooley, *pro se*, ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 challenging certain conditions of his confinement as violating the Eighth Amendment's prohibition against cruel and unusual punishment. On October 23, 2006, this Court referred Plaintiff's Complaint [Docket No. 1] to Magistrate Judge Stanley for proposed findings of fact and a recommendation ("PF&R") [Docket No. 4]. On November 13, 2006, Magistrate Judge Stanley issued a PF&R recommending the dismissal of Plaintiff's Complaint because he failed to exhaust his administrative remedies under 42 U.S.C. § 1997(e) of the Prison Litigation Reform Act ("PLRA") and because his Complaint does not assert a colorable claim for compensatory and punitive damages under § 1983 and Farmer v. Brennan. 511 U.S. 825, 832 (1994).

As a preliminary matter, Magistrate Judge Stanley entered her PF&R on November 13, 2006, before the Supreme Court of the United States decided Jones v. Block, which holds that the exhaustion requirement under the PLRA is an affirmative defense and thus inmates are not required to specifically plead or demonstrate exhaustion in their complaints. 127 S. Ct. 910, 921 (2007).

Here, Plaintiff's Complaint states that he presented a grievance, but that it was presented in the form of a "sick call" and not a "grievance" [Docket No. 1 p.3].  Magistrate Judge Stanley recommends dismissal on this basis.  Under the newly decided Block decision, however, Plaintiff's statement does not provide an unequivocal basis for dismissal under § 1997(e) of the PLRA.  The Court will therefore only consider Magistrate Judge Stanley's alternate basis for dismissal, specifically, that Plaintiff's § 1983 claim fails to present a claim upon which this Court can grant relief.  See Haskins v. Hodge, No. 06-8040, 2007 WL 1087276, at *1 (4th Cir. April 6, 2007) (reviewing court may consider and adopt any alternate theory or recommendation for dismissal under 28 U.S.C. § 1915(e)(2)).

To assert a viable claim under § 1983 and Farmer, Plaintiff must demonstrate that his injuries were the result of Defendants' deliberate indifference to a substantial risk of harm to his health or safety.  511 U.S. at 829.  Here, Plaintiff alleges that he was injured when an inmate struck him on the neck with a mop and broom, items which should have been removed from the "pod" area when the alleged attack occurred [Docket No. 1 p.5].  Plaintiff further alleges, *inter alia*, that certain prison guards unlawfully interfered with his medical treatment when they informed Plaintiff's physician that Plaintiff could not receive (narcotic) pain medication because "inmates [were] not allowed to have pain pills" [Docket No. 1 p.5].  In addition, Plaintiff claims that although he was hospitalized, and received follow-up treatment for pain "a few days later," his request to see a doctor for "headaches" and "stiffness" was ignored [Docket No. 1 p.8].

The Court adopts Magistrate Judge Stanley's recommendation for dismissal under 28 U.S.C. § 1915(e)(2) insofar as she finds that Plaintiff's Complaint fails to state a claim upon which this Court can grant relief.  In short, Plaintiff has failed to sufficiently demonstrate that Defendants acted

with deliberate indifferent to a substantial risk of harm to Plaintiff's health or safety. See Farmer, 511 U.S. at 832. Plaintiff cannot demonstrate that he was treated with "deliberate indifference," as that phrase is defined under Farmer, because there is no set of facts in his Complaint that suggest that any prison official acted with a "sufficiently culpable state of mind" when plaintiff's alleged request to see a physician for follow-up medical treatment was ignored. 511 U.S. at 834.[1] Specifically, the Court in Farmer held that:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837. Here, Defendants transported Plaintiff to a local area hospital to receive medical treatment after the alleged incident [See Docket No. 1 p.4-5]. In addition, following his hospitalization, Plaintiff received follow-up treatment (ibuprofen and an ice pack) when he complained of pain [Docket No. 1 p.8]. There is nothing in the record to suggest (and plaintiff fails to allege) that Defendants were aware of facts that would place them on notice that Plaintiff's injury required follow-up medical treatment by a physician, and that failure to procure this treatment would expose Plaintiff to a substantial risk of serious harm. See Farmer, 511 U.S. at 834.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure

---

[1] Plaintiff's other complaints regarding the placement of the mop and broom in the pod area and denial of narcotic medications are not addressed because they have no merit under Farmer.

to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order.  Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Stanley's PF&R were due on December 4, 2006, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  To date, no objections have been filed.

Accordingly, the Court hereby (1) **DISMISSES** plaintiff's Complaint [Docket No. 1] with prejudice; and (2) **DIRECTS** the Clerk to remove this action from the Court's active docket.

The Clerk is further directed to provide a copy of this Order to all counsel of record, the petitioner, *pro se*, and Magistrate Judge Stanley.

      ENTER:      May 2, 2007

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE